UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK G. SAMPSON | CIVIL ACTION |
| VERSUS | NO. 04-1052 |
| THE CITY OF NEW ORLEANS, ET AL. | SECTION "N"  (3) |

and

| | |
|---|---|
| MICHAEL WHETSTONE AND EVA WHETSTONE | CIVIL ACTION |
| VERSUS | NO.  09-6589 |
| FRANK G.  SAMPSON | SECTION "N" (3) |

## ORDER AND REASONS

This Court previously ordered Mr. Sampson to submit a response to the Whetstones' pending "Motion for Relief from Judgment and Motion for Summary Judgment on Relief from Judgment" (Rec. Doc. 59 in 04-1052). *See* Rec. Doc. 62.  The Court further instructed that Mr. Sampson's response "must address Mr. Whetstone's assertion that he was no longer employed by the City of New Orleans on April 14, 2004, and, assuming that Mr. Whetstone's assertion is correct, provide legal authority supporting the validity of serving him through the City Attorney." *Id.*

The Court has carefully reviewed Mr. Sampson's responsive submission (Rec. Doc. 53), the record, and applicable law.  Mr. Whetstone's assertion that he no longer was employed by the City of New Orleans on April 14, 2004 – the date on which Mr. Sampson attempted to effect

service on him through the City Attorney – is undisputed.  Accordingly, the Court is not convinced that Louisiana Civil Procedure article 1265, which addresses service upon public officers, is applicable.  *See* La. Code Civ. P. art. 1265.  Nor has Mr. Sampson cited any authority to the contrary.  La. R.S. 5107(B) likewise provides no assistance to him.  That provision applies to suits against "political subdivisions of the state or any of its or any of its departments, offices, boards, commissions, agencies or instrumentalities. . . ."  *See* La. R.S. 5107(B).  Finally, article 1237 of the Louisiana Code of Civil Procedure, which is incorrectly paraphrased in Mr. Sampson's submission, applies when "personal service on [an] individual" is made. La. Code Civ. P. art. 1237.  Thus, it also is inapposite.

Given the foregoing, proper service on Mr. Whetstone has not been established.  "In the absence of valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981); *Johno v. Plaquemines Parish Govt.*, Civil Action No. 06-11433, 2007 WL 3231642, *1 (E.D. La.10/30/07); *Jason v. Nugent*, Civil Action No. 04-1722, 2005 WL 53301, *1 (E.D. La. 01/07/05).  Accordingly, **IT IS ORDERED** that Mr. Whetstone's motion is **GRANTED** to the extent it seeks to have the Court's April 10, 2007 Judgment (Rec. Doc. 43 in 04-0152) vacated and set aside.  **IT IS FURTHER ORDERED** that Mr. Sampson must effect valid service of process upon Mr. Whetstone no later than forty-five (45) days from entry of this order.  Otherwise, his claims against Mr. Whetstone will be subject to dismissal without prejudice.

New Orleans, Louisiana, this 28th day of September 2010.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**