UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK G. SAMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-1052 C/W**<br>**09-6589** |
| **NEW ORLEANS CITY, ET AL.** | **DIVISION "3"** |
| | **REF: 09-6589** |

## ORDER

Before the Court is a Motion for Attorneys Fees. [Doc. #143]. The motion is unopposed. For the following reasons, the Court denies the motion.

The background of this lawsuit is unimportant to the motion before the Court. Some procedural history is, however, necessary. Plaintiff Frank G. Sampson obtained a default judgment against defendant Michael Whetstone on April 10, 2007 [Doc. #43] after an evidentiary hearing before the District Court. [Doc. #42]. Counsel for Whetstone contends that the default judgment was void *ab initio* because Whetstone had never been properly served. Plaintiff had served the Orleans Parish Attorney's Office with service of process on April 14, 2004 after Whetstone had already resigned his position as a police office on April 4, 2004.

Counsel thus filed this consolidated lawsuit to vacate the default judgment on the ground that Whetstone had never been properly served. Whetstone ultimately prevailed. [Doc. #64]. Counsel now moves for his attorneys' fees for having had to file the second lawsuit and for plaintiff's counsel determined attempts to collect on the invalid default judgment.

Counsel for Whetstone argues that "if a party wrongfully continues to prosecute a null and

void judgment, after having been duly notified of the defect, the aggrieved party is entitled to attorneys [sic] fees after that point in time, required to set aside the null and void judgment." [Doc. #143 at p. 2].  But the federal case law to which counsel cites the Court does not support that proposition. In both *Miner v. Punch*, 838 F.2d 1407 (5th Cir. 1988), and *Aetna Business Cerdit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, the Fifth Circuit held that a judgment against an improperly-served party is invalid.  That is well-established case law but does not provide support for the argument that a party is automatically entitled to attorneys' fees after defending against an invalid default judgment.   And in *Joe Hand Productions, Inc. v. Ashby*, the District Court actually granted *plaintiff's* its attorneys' fees for having had to secure a default judgment after a defendant failed to answer.  (Civ. A. No. 13-4747, E.D. La., Doc. #40 at pp. 9-10, Apr. 24, 2014).  That is the opposite of the circumstances here.

In short, counsel for plaintiff has not cited to this Court – and this Court's independent research has not revealed – any authority that would automatically entitle him to attorneys' fees for having had to defend against an invalid default judgment.  Federal Rule of Civil Procedure 55, which governs default judgments, does not provide for attorneys' fees.  And while the Court recognizes that in many instances it has the discretion to award attorneys' fees, it declines to do so under these factual circumstances.

Here, and as noted above, the District Court held an evidentiary hearing before it confirmed the default judgment.  And while it ultimately vacated that judgment, Whetstone waited two years before filing suit to achieve that result.  Were the court to grant this motion, it would open the door to any defendant to raise improper service of process as an affirmative defense and threaten

attorneys' fees should a party seek to obtain a default judgment.   While the Court recognizes that *now* the default judgment was void *ab initio*, it was not so until the District Court determined it to be.

Accordingly,

**IT IS ORDERED** that the Motion for Attorneys Fees [Doc. #143] is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Extend Time Out of an Abundance of Caution [Doc. #147] is DISMISSED AS MOOT.

New Orleans, Louisiana, this 23rd day of August, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**